# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL VER HAGEN d/b/a DATA
DESIGN,

                    Plaintiff,                    Case No. 22-CV-1245-JPS

v.

BENETEK, INC.,                                   **ORDER**

                    Defendant.

On October 21, 2022, Plaintiff Michael Ver Hagen, doing business as
Data Design, ("Plaintiff") initiated this action, alleging that Defendant
BeneTek, Inc. ("Defendant") breached a software license agreement to
which the parties were bound "by failing to pay royalties owed." ECF No.
1.

On December 27, 2022, the Court entered a trial scheduling order in
this matter, setting, inter alia, a dispositive motion deadline of September
1, 2023 and a trial date of November 20, 2023. ECF No. 10.

On January 3, 2023, Plaintiff amended his complaint as a matter of
course, adding a claim of copyright infringement against Defendant. ECF
No. 11. On February 14, 2023, the parties stipulated to the dismissal of the
willful copyright infringement claim without prejudice, and the Court
adopted the stipulation. ECF Nos. 15, 16.

On July 10, 2023, Plaintiff moved, pursuant to Civil Local Rule 7(h),
for leave to file a second amended complaint. ECF No. 19. Plaintiff seeks to
do so in order to "add a new defendant, Affordable Care Act Compliance
and Services, Inc. ('ACACS')." *Id.* at 2. Plaintiff writes that "ACACS is a

sister company of current defendant BeneTek, Inc." and that Plaintiff discovered during a deposition on June 1, 2023 that ACACS, like Defendant, allegedly "used the software and generated revenue." *Id*.

In response, Defendant argues that Plaintiff "unduly delayed bringing a claim against ACACS, despite knowing ACACS used the software upon which its copyright claim is predicated," and that granting leave to amend now "will require duplicative discovery and blow a hole in the Court's current schedule for the trial of this matter." ECF No. 21 at 1. The Court agrees.

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Nevertheless, "a district court may deny leave for a variety of reasons, including undue delay and futility." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009)). "The issue of undue delay generally arises when a plaintiff seeks leave to amend deep into the litigation." *Id*. at 687 (citing *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773–74 (7th Cir. 1995)).

The Court agrees with Defendant that the very contractual document upon which this case is based put Plaintiff on notice that ACACS, like Defendant, may allegedly have used Plaintiff's software. The document, attached to Plaintiff's complaint, states unequivocally that "BeneTek may designate any number of organizations as operating partners," that "the ACACS company is designated as" one such operating partner, and that "ACACS employees *will operate the software*." ECF No. 11-1 at 1 (emphasis added). Accordingly, the Court is not compelled by Plaintiff's claim that he only discovered as of June 2023 that Defendant was

"not the only entity that actually used the ACA Help software" and that "ACACS used" it, too. ECF No. 19 at 2.

For the entirety of the roughly nine months of this case's existence, Plaintiff has had reason to do what it now seeks to do. The delay in seeking leave to amend to add ACACS as a defendant in this action is unreasonable in light of the clear contract language identifying ACACS and its employees as anticipated users of the software, the alleged copyright infringement of which forms the basis of this suit.[1]

Timing is also a consideration. The dispositive motion deadline in this case is less than two months away, ECF No. 10, and the Court has already made clear that "motions for extensions of time" are not "looked upon favorably." ECF No. 4 at 11. Allowing Plaintiff to file a second amended complaint this "late in the game" would almost certainly require amendment of the Court's scheduling order in this matter. *See Hukic*, 588 F.3d at 432 (noting that the information upon which the plaintiff's request for leave to amend was based was "available long before he sought leave to amend") ("[T]he district court did not abuse its discretion when it ruled that the reason Hukic gave for requesting leave late in the process did not justify granting leave so late in the game."); *see also Bell v. Taylor,* 827 F.3d 699, 705 (7th Cir. 2016) (concluding that district court did not abuse its discretion in

---

[1] Plaintiff concedes that "the Agreement at issue . . . does reference ACACS," but maintains that it did not discover "the corporate organization of the Benefits Companies Holdings, Inc. and its related entities" until June 2023. ECF No. 19 at 3. But this seems to be a nonstarter, since the "Agreement at issue" expressly provides that ACACS "is designated" both as Defendant's "communicating partner" and "operating partner." ECF No. 11-1 at 1. Irrespective of Defendant's corporate organization, Plaintiff had every reason to conduct due diligence into ACACS's involvement *before* or, at least, shortly after, filing this action.

denying plaintiff's request to amend his complaint where plaintiff "filed his motion to amend just four weeks prior to the dispositive motions deadlines and at the close of discovery" and "granting [the] motion would cause further delay and prejudice to defendants by affecting the summary judgment schedule and potentially creating a need to reopen discovery").

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to file a second amended complaint, ECF No. 19, be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 4th day of August, 2023.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge