# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL VER HAGEN *d/b/a* DATA DESIGN,<br><br>        Plaintiff,<br><br>v.<br><br>BENETEK INC.,<br><br>        Defendant. | Case No. 22-CV-1245-JPS<br><br><br>**ORDER** |

  On September 1, 2023, Plaintiff moved for summary judgment. ECF No. 26. The Court's Pretrial Order provides that "the parties must submit a single, agreed-upon statement of facts . . . ," that "[a]ny disputed facts must be itemized separately . . . ," and that "[th]e parties should omit a facts section from their briefing; the Court will only consider the single-agreed-upon statement of facts." ECF No 4 at 4. It further provides that "[t]he parties must certify in writing that they met and conferred prior to filing a dispositive motion" and "[i]f the parties cannot agree upon a set of facts . . . then summary judgment is not appropriate." *Id.*

  Plaintiff submitted no certificate of having met and conferred. Additionally, notwithstanding the Court's instructions, Plaintiff cites repeatedly to other pieces of record evidence recounted in neither the barebones joint statement of facts nor in Plaintiff's statement of disputed facts, and Plaintiff "snuck" a facts section into his brief in the form of "background." S*ee Kreuziger v. Milwaukee County*, No. 19-CV-1747-JPS, 2022 U.S. Dist. LEXIS 134872, at *5 (E.D. Wis. July 29, 2022) ("[B]oth parties 'snuck' a facts section into their moving briefs . . . . [S]uch facts go far

beyond those stipulated between the parties . . . . This is a clear flout of the Court's order."). Moreover, the joint statement of facts includes legal conclusions and descriptions of legal arguments barely disguised as factual assertions, *see, e.g.*, ECF No. 29 at 3 ("BeneTek takes the position that the Royalty Payments were not owed due to oral modifications to the Agreement . . . .") as well as assertions essentially admitting to material disputes, *id.* at 1 ("The parties are in agreement that there were subsequent oral discussions and agreements concerning the subject matter of the Agreement . . . . Benetek contends those discussions led to oral modifications of the Agreement . . . . Data Design contends those discussions resulted in separate oral agreements . . . . The parties disagree as to the substance of what was agreed in the oral discussions.").

For all these reasons, the Court denies Plaintiff's motion for summary judgment without prejudice. Should Plaintiff wish to try again, he must move for leave to re-file a motion for summary judgment, with a compliant motion and all requisite supporting documents attached to the motion for leave to file, taking the Court's comments herein into account.

Accordingly,

**IT IS ORDERED** that Plaintiff Michael Ver Hagen *d/b/a* Data Design's motion for summary judgment, ECF No. 26, be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 19th day of September, 2023.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge