UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL VER HAGEN d/b/a DATA DESIGN,

      Plaintiff,

      v.                                                  Case No. 2:22-cv-1245

BENETEK, INC.,

      Defendant.

**DEFENDANT BENETEK, INC.'S RESPONSE TO PLAINTIFF'S
CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION FOR LEAVE TO
FILE A MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant BeneTek, Inc. respectfully submits this Response to Plaintiff's Motion for Leave to file a renewed Motion for Summary Judgment. The Court should deny leave "where there is undue delay, . . . repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) (citing *Foman*, 371 U.S. at 182). Plaintiff's Motion for Leave should be denied because (1) the proposed Motion for Summary Judgment is futile; (2) the motion is untimely; and (3) Plaintiff repeatedly failed to comply with the Court's orders.

**I.    Plaintiff's Motion is Futile.**

Plaintiff's Motion is dead on arrival. In his Motion for Leave, Plaintiff noted that he cannot move for summary judgment on "the breach of contract claim due to the perceived questions of fact underlying that issue." (Doc. 35, p. 1). Nonetheless, Plaintiff seeks leave to move on his copyright claim. But the same questions of fact that preclude summary judgment on the contract claim are also fatal to the copyright motion.

It is beyond dispute that BeneTek and its affiliate ACACS had an express license to use the software at issue at least as long as BeneTek was in compliance with the contract. The parties designated ACACS as partner in the "development and initial use of ACA-Help" and indicated that "ACACS employees will operate the software." (Doc. 35.006, ¶¶ 3.1, 4.1). If factual disputes preclude Plaintiff from seeking summary judgment that BeneTek breached the contract, then by definition the same factual disputes preclude summary judgment on the copyright claim.

**II.     Plaintiff's Motion Is Untimely, Prejudicial, And Wastes Judicial Resources.**

Allowing Data Design to raise its baseless amendment at this stage would prejudice BeneTek and waste judicial resources. Even if the Court were to require BeneTek to respond within thirty days of the date on which Plaintiff filed its Motion for Leave, the response would fall due on November 6 – two weeks before trial and in the middle of the most active stage of trial preparation. BeneTek would be preparing its summary judgment opposition at the same time it is complying with the Court's November 1 deadline for pretrial submissions. (Doc. 4, p 5). The degree of prejudice to BeneTek should bar the filing. *See Lands' End, Inc. v. Remy*, 2006 U.S. Dist. LEXIS 67660 *4 (W.D. Wis. September 20, 2006).

Worse, Plaintiff's reply brief would fall due on the day trial starts. Even if the Court were to expedite the schedule, there would be no meaningful opportunity for the Court to consider the briefs and rule on the questions presented. The burden to the judicial system justifies denial of Plaintiff's motion for leave, even ignoring the significant prejudice to BeneTek. *See Select Creations, Inc. v. Paliafato Am., Inc.*, 830 F. Supp. 1213, 1216 (E.D. Wis. 1993).

Moreover, the delay and prejudice here is entirely Plaintiff's fault. In his original summary judgment filing, Plaintiff failed to comply with the Court's standing order in numerous,

material respects. (Doc. 34). Then, Plaintiff waited sixteen days to refile after its Motion was denied, leaving only **six weeks** before the start of trial. (Doc. 34, p. 2; Doc. 35).[1]

### III. Plaintiff's Renewed Summary Judgment Motion Suffers From The Same Defects As The Earlier Motion Which The Court Denied.

The Court denied Plaintiff's original motion because he failed to comply with the Court's order on summary judgment motions. (Doc. 34). The renewed filing does not cure those defects.

*First*, rather than filing a new Joint Statement, as directed by the Court, Plaintiff relies on the same Joint Statement that the Court rejected.

*Second*, Plaintiff's revised Memorandum again ignores the Court's order not to include facts outside the Joint Statement. (Doc. 34, p. 1). Instead, Plaintiff argues based upon a strained characterization of documents and factual circumstances that appear nowhere in the Joint Statement. (*Id.*).

*Third*, although Plaintiff submits a purported certification that he met and conferred about the Joint Statement, the truth is that he did not do so in good faith. Plaintiff submitted a revised Joint Statement on September 28, 2023. (Pitz Decl. ¶ 3). BeneTek responded with a redline three business days later. (*Id.* at ¶ 4). After a brief exchange of emails, BeneTek's counsel proposed a telephone call to work out the parties' disagreements. (*Id.* at ¶ 7). Plaintiff's counsel ignored that invitation and instead proceeded to refile **without** a new Joint Statement, despite the Court's order to do so. Instead, Plaintiff relies upon a Joint Statement the Court previously rejected and which BeneTek's counsel repudiated in light of the Court's Order. (*Id.* at ¶¶ 9-10, Exh. C). The circumstances reflect a wholesale repudiation of Plaintiff's obligation to work in good faith to produce a "joint" statement of facts.

---

[1] Plaintiff took nine days to provide BeneTek with revised joint statement of facts. (*See* Ian Pitz Declaration ¶ 3 & Exh. A). BeneTek provided redlines to that statement within three business days. (Pitz Decl. ¶ 4 & Exh. B).

## **CONCLUSION**

WHEREFORE, BeneTek respectfully requests the Court to deny Data Design's Motion for Leave to a Partial Motion for Summary Judgment.

Dated this 10th day of October, 2023.  **MICHAEL BEST & FRIEDRICH LLP**

By: /s/ *Ian A. J. Pitz*
Ian A. J. Pitz, SBN 1031602
Veronica A. Mantilla, SBN 1119308
One South Pinckney Street, Suite 700
P.O. Box 1806
Madison, WI  53701-1806
P:  608.257.3501
F:  608.283.2275
E:  iapitz@michaelbest.com
     vamantilla@michaelbest.com

*Attorneys for Defendant BeneTek, Inc.*